INTERNATIONAL FORWARDING CO. *v.* UNITED STATES (No. 3109) [1]

[1] T. D. 43264.

United States Court of Customs Appeals, February 16, 1929

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Reuben Wilson* and *Oscar Igstaedter,* special attorneys, of counsel), for the United States.

[Oral argument December 4, 1928, by Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, and BARBER (retired),. Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise consisting of parts of sewing machines was assessed for duty by the collector at 30 per centum ad valorem under paragraph 372 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 372. * * * sewing machines, and parts. thereof, not specially provided for, valued at not more than $75 each, 15 per centum ad valorem; valued at more than $75 each, 30 per centum ad valorem; * * *.

It is claimed by appellant that the merchandise is dutiable at only 15 per centum ad valorem under the first part of the quoted provisions of paragraph 372.

The cause was submitted to the court below on the following stipulation:

It is hereby stipulated that the above protests are limited to the merchandise on invoice "D" under protest 97530–G covered by line marked in green pencil "O" and the merchandise on 14 lines of invoice "B" under protest 163477–G. marked in green pencil "O."

As to said merchandise it is agreed that the same consists of parts of sewing machines, each part being valued at less than $75.

The sewing machines, however, of which the merchandise in question is designed and used to form parts, are valued at more than $75 each.

Said protests are submitted for decision upon this stipulation.

In overruling the protests the court below, in an opinion by Fischer,. Chief Justice, after stating the issues in the case, said:

We believe that the collector has correctly construed the law. As we read it, the applicable rate is made dependent upon the value of the machine, and necessarily the parts to pay no less rate than that imposed on the machine. Otherwise, it would be a simple matter to defeat the law by merely importing only parts and then claiming the lower rate on the ground that each of the parts is valued at less than $75, regardless of the value of the machine for which it was intended.

It is, in effect, claimed by counsel for appellant that the quoted provisions of paragraph 372 should be construed as if they read: Sewing machines valued at not more than $75 each, and parts thereof not specially provided for, valued at not more than $75 each, 15 per centum ad valorem; sewing machines valued at more than $75 each, and parts thereof not specially provided for, valued at more than $75 each, 30 per centum ad valorem.

It is argued by counsel that the provisions in question are plain and unambiguous and need no construction.

Counsel for the Government contend that the provisions are ambiguous and require judicial construction; that it was the evident intention of the Congress to provide that sewing machines valued at not more than $75 each, and parts thereof not specially provided for, should be dutiable at 15 per centum ad valorem; and that sewing machines valued at more than $75 each, and parts thereof not specially provided for, should be dutiable at 30 per centum ad valorem.

It is a fundamental rule in statutory construction that courts should accept the language used in its natural signification and in accordance with its grammatical arrangement; and that unless a statute is ambiguous there is no occasion to resort to rules of construction. *United States* v. *Goldenberg*, 168 U. S. 95. It is equally true, however, that, where a literal construction of a statute leads to an absurdity, the courts will, if possible, so construe the statute as to avoid the absurdity. *Maltus & Ware* v. *United States*, 6 Ct. Cust. Appls. 525, T. D. 36147, and cases cited therein.

The words used in the statute are not of doubtful meaning. Unfortunately, their arrangement and the punctuation give rise to conflicting constructions. One, in our opinion, leads to an absurdity. The other, we think, is consistent with reason and common sense. If the Congress intended that the language, "valued at not more than $75 each," in the first part of the provisions, should relate to *parts* of machines, then, of course, it must have been contemplated by the Congress that some of the parts might be more valuable than the machines to which they were to be attached. While there might be an exceptional instance when a *part* of a $75 sewing machine would be worth more than the machine, the occasion would be so exceptional that we are unable to believe that the Congress intended to apply the same limitation of value to *parts* as it did to the complete machines. If this is true of the first part of the quoted provision, it is likewise true of the second.

It is our opinion that the Congress intended to provide for sewing machines valued at not more than $75 each, and for parts thereof not specially provided for, at 15 per centum ad valorem; and that it was intended to provide for sewing machines valued at more than $75 each, and for parts thereof not specially provided for, at 30 per centum

ad valorem. This construction, we think, avoids absurd results and is in accord with the purpose of the Congress.

The merchandise consists of parts of sewing machines. The machines, for which the imported parts are designed, are valued at more than $75 each; therefore, the parts are dutiable at 30 per centum ad valorem under the latter clause of the quoted provisions, as held by the court below.

The judgment is *affirmed.*