**No. 47466.**—Protest 15202–K of Textile Design Co., Inc. (New York).

Opinion by OLIVER, P. J. It appeared from the testimony that the merchandise was not imported for use as rags but for a definite purpose, i. e., that of selecting from the bulk of the shipment such items as would be salable as designs or patterns for domestic textile manufacturers. Several samples were received in evidence as collective illustrative exhibit 1. It appeared from the testimony of the various witnesses that the merchandise consists of pieces of wool that had been used by agents as samples representing the production by certain mills, but which samples were discarded because they were worn out, or because the designs were discontinued. One of the plaintiff's witnesses testified that the merchandise was similar to that involved in *Hoole* v. *United States* (Abstract 50444, old series), in which case he had testified previously, but the court found that this fact was not established, especially in view of the fact that the sample in the said *Hoole* case was not now in the possession of the court and therefore no comparison could be made.

From the testimony given by these witnesses for the plaintiff and one for the defendant the court found that the merchandise consisted of two different classes. One of the samples covered by exhibit 1, showing the merchandise placed on a card for use by salesmen, was found by the court to be manufactures in chief value of wool and dutiable at 50 percent ad valorem under paragraph 1120, as classified. The remaining six samples of exhibit 1, consisting of unused parts of the pieces displayed on the cards as well as the balance of the shipment composed of pieces of irregular shapes, frayed and torn, were found to be merchandise that was of no value other than rags and were therefore dutiable as wool rags at 18 cents per pound under paragraph 1105 (a). However, as no segregation has been made of the merchandise the court was unable to determine the proportion of wool samples or of wool rags covered by the importation in question and was therefore constrained to overrule the protest without affirming the action of the collector.

**No. 47467.**—Protests 53270–K, etc., of Butler Brothers et al. (Baltimore, etc.)

Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.